UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JENNIFER GUILLORY** | : | **CIVIL ACTION NO. 18-00469** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **HAZA FOODS OF LOUISIANA, LLC,** d/b/a Wendy's #356 | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Jennifer Guillory. Doc. 7. Plaintiff also moves for an award of costs and attorney's fees associated with the removal. *Id.* The motion is opposed by defendant Haza Foods of Louisiana, LLC ("Haza Foods"). Doc. 10. For the following reasons, it is **RECOMMENDED** that the Motion to Remand be **GRANTED**. It is further **RECOMMENDED** that plaintiff's Motion for Costs and Attorney's Fees be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiff, a Louisiana resident, filed suit in the 14th Judicial District, Calcasieu Parish, State of Louisiana on June 15, 2017. Doc. 1, att. 2, pp. 1-3. She alleges she was injured when she slipped and fell on a wet floor at a Wendy's restaurant located in Lake Charles, Louisiana. *Id.* Her Original Petition for Damages named Haza Foods, a limited liability company whose sole member is a resident of the State of Texas as defendant. *Id.* at p. 1; Doc. 2. Plaintiff's First Supplemental and Amending Petition, filed in the 14th Judicial District Court on September 6, 2017, named Samantha Bias ("Bias"), an employee of Haza Foods and a Louisiana resident as an additional defendant. Doc. 1, att. 2, pp. 4-6.

On April 6, 2018, Haza Foods removed the lawsuit to this court alleging jurisdiction based on diversity, 28 U.S.C. § 1332. Doc. 1. Haza Foods maintains, citing 28 U.S.C. § 1441, that complete diversity exists because, although defendant Bias is named as a defendant and is a resident of the State of Louisiana, she was not served at the time of removal.[1]  Doc. 1, p.1, n. 2. Haza Foods also maintains that that removal is timely because it was filed within thirty days of receiving "other paper" in the form of discovery responses and medical records which establish that the amount in controversy exceeds $75,000. Doc. 1, p. 3.

Plaintiff's motion to remand contends that removal is improper because complete diversity does not exist and, in the alternative, because the removal was untimely. Doc. 7. Plaintiff maintains that since both she and defendant Bias are Louisiana citizens diversity does not exist and the matter must be remanded. Doc. 7, att. 1, p. 2. She also argues that removal was untimely because Haza Foods knew as early September 26, 2017, when it was served with the supplemental and amending petition that plaintiff's injuries exceeded $75,000. *Id.* at p. 3. According to plaintiff, the amended petition set forth in greater detail the nature of plaintiff's injuries and included the need for ankle surgery. *Id.* Plaintiff maintains that this removal, filed over six months after receipt of plaintiff's supplemental and amending petition, is too late. *Id.* at p. 4.

In its memorandum in opposition to the motion to remand Haza Foods again relies on 28 U.S.C. § 1441, the removal statute, and argues that diversity jurisdiction exits because Bias was "never served with process and never joined as a defendant." Doc. 10, p. 3. Haza Foods also asserts that removal is timely because plaintiff's supplemental and amending petition did not make it "unequivocally clear and certain" that the amount in controversy exceeded $75,000. *Id.* at p. 7. Rather, it contends that it was not until it received discovery responses on March 7, 2018, that it

---

[1] Plaintiff admits that defendant Bias has not been served; however, she maintains that service was attempted at five separate addresses and that ultimately service will be perfected. Doc. 11, p. 1.

became clear that the amount in controversy was met and removal on April 6, 2018 was therefore timely. *Id.* at p. 12.

## II.
### LAW AND ANALYSIS

When removal is based on the federal court's diversity jurisdiction, the removing party "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir.2004). Diversity jurisdiction exists only when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir.2003). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir.2008)(citing *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir.2004)). The prerequisites to diversity jurisdiction "must exist at the time of removal." *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir.2000)(citing 14B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3723 at 574-75 (1998 ed.)).

In this case, the pleadings demonstrate that at the time of removal plaintiff was a citizen of Louisiana, defendant Haza Foods was a citizen of Texas, and defendant Bias was a citizen of Louisiana. Complete diversity is not present and federal subject matter jurisdiction is lacking.

Haza Food's argument seems to confuse 28 U.S.C. § 1332, the statute that confers diversity jurisdiction upon federal courts with 28 U.S.C. § 1441, the statute that governs removal of actions to federal court. There is a distinction between what is relevant in determining diversity jurisdiction and in determining whether or not a case is removable. Under Section 1332 the citizenship of all named defendants, whether served with process or not, must be considered when

deciding whether complete diversity exists, while under Section 1441(b)(2) if diversity exists between the parties, an unserved resident defendant may be ignored in determining removability. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir.2009).

Finding that the parties in this action are not diverse there is no reason to discuss timeliness of removal. The case must be remanded for lack of subject matter jurisdiction.

Plaintiff also asks that she be awarded costs and attorney's fees associated with the improper removal. Doc. 7, p. 2. When ordering a case remanded to state court, this court has the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. Attorney fees "should only be awarded if the removing [party] lacked 'objectively reasonable grounds to believe the removal was legally improper.'" *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (quoting *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000)).

The undersigned finds Haza Foods lacked an objectively reasonable basis to remove the case. This aspect of federal court practice could not be any more basic, and we recommend that plaintiff's motion for costs and attorney's fees be granted.

### III.
#### CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Motion to Remand [doc. 7] be **GRANTED**.

It is further **RECOMMENDED** that plaintiff's Motion for Costs and Attorney's Fees be **GRANTED**. If this Report and Recommendation is adopted, plaintiff is directed to submit a bill of costs and expenses to the court within fourteen (14) days of judgment.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 13th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE